IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD JONES

v.

COMMONWEALTH OF PA

; CASE NO. 10-cv-898

; C.D. 666   1972

## MOTION TO VACATE

**1) Nature of Subject matter**

On September 6, 1972, MOVANT, was sentenced to a term of Life in absence of subject matter jurisdiction over cause of action

The jurisdiction of a court over subject matter has been said to be essential, necessary, indispensable, and an elementary prerequisite to the exercise of judicial power. 21 C.J.S. "COURTS" § 18 p. 25; a court cannot proceed with a trial or make a judgement without such jurisdiction existing

It is elementary that the jurisdiction of the court over the subject matter of the action is the most critical aspect of the court's authority to act. Without it the court lacks any power to proceed; therefore, a defense based upon this lack cannot be waived, and may be asserted at any time. USCA CONST AMEND 5, 14. Matter of Green, 313 S.E.2d 193 ( N.C. App 1984 )

That a law or bill passed by congress must issue through state legislature before it can be made operative by an effective date see: Repeal Act of Dec. 6, 1972, P.L. 1339, No. 290 § 4

That unconstitutionality of the statute deprived him of liberty where the law issued and served upon him was not in effect. SEE: statutory Construction Act of 1972. Dec 6, 1972, P.L. 1339, No. 290 § 3

1

That a law is unconstitutional and deprives of a statutory right where the law in question through act of state legislature is both repealed and constructed anew, all being done on the very same day "Immediately Effective"; that on the basis of subject matter and constitutionality, it is unenforceable in compliance with rules and laws of Pa Constitution or Amendments. See: Const of PA 1968, Article V, See: Article III, sec 8. of 1874 Adoption

Article III, Section 8, Const of Pa 1874 (P.S.) requires that notice of intention to apply for Local or special bills before the General Assembly of Pennsylvania must be published in the Locality in question least thirty days prior to the introduction of the bill in the General Assembly. In re Cuffs nomination petition, 57 Mun 319, 60 Lanc. Rev. 43, Pa Com PL. 1965

That the repeal act & statutory Construction Act occurring simultaneously results in violation by unconstitutionality. USCA CONST AMEND 14

All laws shall be suspended to the extent that they are inconsistent with rules prescribed under the Constitution of 1968. Article V, section 10 (c) and 42 Pa. C.S. § 1722 (a) (1) of the Judicial code. Rule was adopted June 3, 1994, effective: July 1, 1994, Fed Rules Civ Proc. 133

Movant was sentenced on ground of invalid law before the statutory construction act went into effect under Repeal act of Dec. 6, 1972; that where he falls under Repeal Act being charged before statutory construction Act he is deprived of Liberty, where the intended law was amended 1974, in absence of subject matter jurisdiction.

Law became effective June 17, 1974, P.L. 330, No. 107 sec. (6) by enactment; that laws are not valid until enacted by Legislature

Party challenging statutes constitutionality bears a heavy burden to prove that it is unconstitutional, and all doubts on the question are resolved in favor of a finding of Constitutionality. Com. v. Bullock, 913 A.2d 207, 212 (Pa Super 2007)

That Government lacked authority and subject matter by an unpassed bill. See, Historic Strasburg Inc. v. Strasburg Burrough. 63 Lanc. Rev. 483, Pa Com PL. 1972. See: 72 Temp. L. Rev 451

There is no vested right in the Commonwealth existing after the repeal of a criminal statute, to prosecute an offense in existence prior to the repeal of such statute. It is unnecessary to cite authority as to the effect of the repeal of a criminal statute on pending proceedings. It is well settled that all proceedings which have not been determined by final judgement, are wiped out by a repeal of the act under which the prosecution for the offense took place. Scranton City. Appellant v Rose opinion of the court (60 1'n Superior Court.)

Pennsylvania rewrote its constitution four times in violation of the 1776 state constitution section the ninth: "... but [ the Legislature ] shall have no power to add to, alter, abolish, or infringe any part of this constitution."

In 1968 Pennsylvania rewrote the constitution and never put a general saving clause applicable to criminal prosecutions. In other words, no saving clause from the 1874 Pennsylvania constitution to the 1968 Pennsylvania constitution of the crimes codes or statutes see Com v. Bangs 393 A.2d 720, 259 Pa. Super. 71 ; our Supreme Court quoting with approval from the United States Supreme Court's opinion in Bell v. Maryland 378 U.S. 226, 84 Sct 1814, 12 L.ed.2d 822 ( 1964 ) stated " When the Legislature repeals a criminal statute, or otherwise removes the states condemnation from the conduct that was formerly deemed criminal, this action requires the dismissal of a pending criminal proceeding charging such conduct " Id 462 PA at 74, 337 A.2d at 888, according to Com v. Gross, 145 PA Super. 92, 98, 21 A.2d 238, 241 (1941)

It has long been settled on general principles that after the expiration or repeal of a Law, no penalty can be forced, nor punishment inflicted for violations of law committed while it was in force especially by loss of vested right; or saving clause not made for that purpose by statute : Yeaton ( The General Pickney ) v. US, 9 US 281 at 283 ( 1809) By the repeal of Law, the Legislature will is expressed that no further proceedings be held under the repeal act US v. Tyene, 78 US. 88 at 95 (1870)

An invalid law charged against one in a criminal matter also negates subject matter jurisdiction by the sheer fact that it fails to create a cause of action. "Subject matter is the thing in controversy." Holmes v. Mason, 115 N.W. 770, 80 Neb. 454, citing Black's Law Dictionary. Without a valid law, there is no issue or controversy for a court to decide upon. Thus, where a law does not exist or does not constitutionally exist, or where the law is invalid, void or unconstitutional, there is no subject matter jurisdiction to try one for an offense alleged under such a law.

A repealed act in regard to its operative effect is considered as if it had never existed. see Com v. Painter, 2007, Armstrong county Pa. Docket No. CP-03-CR 303, 2005, unreported

Repeal of a criminal statute subjects to constitutionality: the Amendments and repeals of the 1968 held Statute 46 P.S., statutory Law, operative up and until 1972, being inconsistent with repeal act of the 1968 Pa Constitution: former Laws were all repealed yet, statutory law remained in violation of Amended Constitution

Section 2. Article V of the Constitution of Pennsylvania is repealed in its entirety, and those provisions of schedules No. 1, and No. 2, are repealed to the extent they are inconsistent with this article and attached schedule: The provisions of the new judiciary article are set out as a new Article V. The Article is followed by the schedule referred to in sec. 2, Ante  See: Article XVII, Const Prec. § 1 Ref Annos

The purpose of a new Judiciary Article by proposal of the 1968 Constitution was to effect exception of a bill codifying or compiling the law or a part thereof. Const Article 3 sec 3, 1967 Amendment: that the new Judiciary Article V, results as inconsistent with former PA ST 46 P.S. being unenforceable

First general savings provision was enacted to abolish common-Law presumption that repeal of criminal statute results in abatement of all prosecutions which have not yet reached final disposition in highest court authorized to review them. 1 USCA § 109, U.S. Pa. 1974.

General savings statute was intended to obviate common law's technical abatement of a prosecution by repeal of statute under which it proceeded. 1 USCA § 109

If a criminal statute is unconstitutional the courts lacks subject-matter jurisdiction and cannot proceed to try the case. 22 C.J.S. "Criminal Law" § 157, p. 189

where the offense charged does not exist, the trial court lacks jurisdiction. State v. Christensen, 329 N.W. 382, 383

that his rights were violated by unconstitutional delay: charged an offense: Suspended by Construction of new Law; sustained, unlawfully, unjust or unconstitutional, resulting in Substantial Prejudice.

4

Not all statutes create a criminal offense, thus where a man was charged with a statute which does not create a criminal offense, such person was never legally charged with any crime or lawfully convicted because the trial court did not have jurisdiction of the subject matter. State ex rel Hansen v. Riggs, 258 Minn 388, 104 N.W.2d 553 (1960) There must be a valid law in order for subject matter to exist.

In a case where a man was convicted of violating certain sections of some laws, he later claimed that the laws were unconstitutional which deprived the county court of jurisdiction to try him for those offenses: The Supreme Court of Oregon held:

If these sections are unconstitutional, the law is void and an offense created by them is not a crime and a conviction under them cannot be a legal cause of imprisonment, for no court can acquire jurisdiction to try a person for acts which are made criminal only by an unconstitutional law. Kelly v. Meyers, 263 Pac 903, 905 (Ore 1928)

Without a valid law there can be no crime charged under that law, and where there is no crime or offense there is no contraversy or cause of action, and without cause of action there can be no subject matter jurisdiction to try a person accused for violating said law: the court then has no power or right to hear and decide a particular case involving such invalid or nonexistent law. U.S.C.A. Const Amends. 5, 14.

If a law is unconstitutional, it is void and of no effect and it cannot alter an otherwise valid obligation of a governmental officer to a citizen. Richardson, v. U.S., 465 F.2d 844, Certiorari Granted 93 S.ct. 1420 C.A. 3 (Pa) 1972

To try a person for the commission of a crime the trial court must have jurisdiction of both the subject matter and the person of the defendant. 21 AM JUR "CRIMINAL LAW" § 378 p. 588

When a statute is declared unconstitutional, it is in legal contemplation as inoperative as though it had never been passed. 396 A.2d 654, 262 Pa 80 (Pa Super 1978)

Statute must be properly proven before they can become admissible as evidence. Berks County v. Hayes, 61 Berks 198, Pa Com PL. 1969

When a criminal statute calls for construction, it is not the construction which is supported by the greater reason that is to prevail, but the construction which, if reasonable operates in favor of Life and Liberty. Com v. Capitolo, 471 A.2d 462. Reversed 498 A.2d 806, 18 Pa C.S.A. § 503 (a) (3)

A phrase should not be broadly construed against an accused when it is part of a statute making a defense available to the accused. Id.

A criminal statute should be construed narrowly in favor of the accused. Id.

Movant pleads deprivation of Liberty arising from unconstitutionality of the statute where it violates his Constitutional rights. USCA. Const Amends. 5, 8, 14.

Movant was deprived equal protection of law where punishment prejudiced his rights on ground of imposing penalty upon Laws that were not in effect or properly enacted by Legislature. USCA Const Amend. 14.

Movant establishes that unconstitutionality of the statute punished as crime conduct, an act, which was innocent when done, or the act was not legal when committed; statute resulted in increased punishment and deprived him of any defense. USCA Const Art 1 § 9. cl. 3. §§ 10, cl. 1

That he was disadvantaged by altering definition of criminal conduct: That he was disadvantaged without fair warning of the statute or the punishment it carried where he had such right. Id.

Resulting conviction was denial of Constitutional due process depriving of fundamental fairness in absence of subject matter jurisdiction. USCA Const Amends. 5, 14.

Legislator may not act arbitrarily in using its definitional powers. In re Norvell's Estate, Pa 1964. 203 A.2d 538, 415 Pa 427

2) Ex Post Facto Prohibitions

Though ex post facto clause serves to limit Legislative power, an unforeseeable judicial enlargement of criminal statute, applied retroactively, can function like ex post facto law and violate due process clause. USCA. Const Art 1 §10, cl. 1. Amend 5. U.S v. Capps, 77 F.3d 350

Principles on which ex post facto clause is based -- notion that persons have right to fair warning of the conduct will give rise to criminal penalties -- is fundamental to our concept of Constitutional Liberty, as such, that right is protected against judicial action by due process clause of the fifth Amendment. USCA Const Art 1 § 9, cl. 3. Amend-5. U.S. v. St. John, 92 F.3d 761

Law implicates ex post facto clause only if it criminalizes conduct that was not a crime when it was committed, increased punishment for crime beyond what it was at time the act was committed, or deprives person of defense available at time act was committed. USCA Const Art 1 § 9 cl. 3. U.S. v. Lyndell, 124 F.3d 1170

To fall within ex post facto prohibition, Law must be retroactive, that is, it must apply to events occurring before its enactment, and it must disadvantage offender affected by it, by altering definition of criminal conduct or increasing punishment for crime. USCA Const Art 1 § 10 cl. 1. Lynce v. Mathis, 117 S.Ct. 891

Ex post facto clause operates not to protect individual's right to less punishment, but rather as means of assuring that individual will receive fair warning of criminal statutes and punishment they carry. USCA Const Art 1 § 10 cl. 1  41 F.3d 1470

## 3) Rights and Remedies

Failure to inform indigent defendant of his appellate rights violates due process. USCA CONST AMENDS. 5, 14.

There is absence of available state corrective process rendering process ineffective to protect rights. 28 USCA § 2254 (b)

A new rule of Constitutional law has been made retroactive to cases on collateral review by Supreme Court; requiring certification of a second or successive motion to vacate sentence. SEE: Rogers v. U.S. C.A. 8 (Ark) 2000, 229 F.3d 704. CRIMINAL LAW K 1668(5)

Denial of right to enter a statement violates due process thus deprives of fundamental fairness in a criminal proceeding. USCA CONST AMENDS. 5, 14.

Continued

7

THAT COURT-MADE RULE OF WHICH HE SEEKS THE BENEFIT IS NOT "NEW". O'DELL V. NETHERLAND, 117 S.CT 1969

THAT ERROR HAD SUBSTANTIAL AND INJURIOUS EFFECT OR INFLUENCE IN DETERMINING JURY'S VERDICT. 28 USCA 2254

THAT REASONABLE JURISTS CONSIDERING QUESTION WOULD BE OF ONE VIEW THAT STATE COURT RULING WAS INCORRECT. 28 USCA § 2254 (d) (1)

THAT IT IS MORE LIKELY THAN NOT THAT NO REASONABLE JUROR WOULD HAVE FOUND HIM GUILTY BEYOND REASONABLE DOUBT. 28 USCA § 2254

MATTER WHICH HELD WEIGHING OF INVALID CIRCUMSTANCES AS UNCONSTITUTIONAL COULD BE APPLIED RETROACTIVELY UNDER TEAGUE V. LANE, EXCEPTION WHICH PERMITS RETROACTIVE APPLICATION OF NEW RULE IF CONSTITUTIONAL LAW ESTABLISHED AFTER CONVICTION BECAME FINAL. LAMBRIX V. SINGLETARY, 117 S.CT 1517

MOVANT STATES CLASS OF PRIVATE CONDUCT BEYOND POWER OF STATE TO PROSCRIBE OR ADDRESSED SUBSTANTIVE CATAGORIAL GUAR-ANTEE ACCORDED BY CONSTITUTION. Id.

THAT RULE IS "WATERSHED RULE" OF CRIMINAL PROCEDURE IM-PLICATING FUNDAMENTAL FAIRNESS AND ACCURACY OF THE CRIMINAL PROCEEDING. U-S V. CINO, 2004, 340 F.SUPP-2d 1113, Affirmed 158 Fed. Appx 25, 2005. WL 3362825.

WATERSHED EXCEPTION TO RETROACTIVE APPLICATION OF CONSTITUTIONAL RULES TO CASES ON COLLATERAL REVIEW DID NOT BAR RETROACTIVE APPLICATION OF NEWLY RECOGNIZED RIGHT REGARDING MOTION TO VACATE. AFFIRMED 287 F.3d 1294. U-S. V. TUSH, 151 F.SUPP-2d 1246.

THAT COUNSEL'S PERFORMANCE WAS DEFICIENT, THAT IS, HIS ERRORS WERE SO SERIOUS THAT HE DID NOT FUNCTION AS THAT COUNSEL GUARANTEED BY THE SIX AMENDMENT : AND ACTUAL PREJUDICE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD JONES

                          ; CASE NO.

      V.

                          : CD. 666 1972

COMMONWEALTH OF PA

## SUPPLEMENT IN SUPPORT OF MOTION

AND NOW COMES Movant, PRO SE, IN THE ABOVE CAPTIONED MATTER, UPON HIS CLAIM WHICH SEEKS APPROPRIATE RELIEF, BY GROUND SET FORTH .

1. THE JURISDICTION OF A COURT OVER THE SUBJECT MATTER HAS BEEN SAID TO BE ESSENTIAL, NECESSARY, INDISPENSIBLE, AND AN ELEMENT-ARY PREREQUISITE TO THE EXERCISE OF JUDICIAL POWER. 21 C.J.S. COURTS § 18, p. 25

2. TO TRY A PERSON FOR THE COMMISSION OF A CRIME THE TRIAL COURT MUST HAVE JURISDICTION OF BOTH THE SUBJECT-MATTER AND THE PERSON OF THE DEFENDANT. 21 AM JUR "CRIMINAL LAW" § 338, P. 588

3. THE PROCEEDINGS IN ANY COURT ARE VOID IF IT WANTS JURISDICTION OF THE CASE IT WHICH IT HAS TO ASSUME TO ACT. JURISDICTION IS FIRST OF THE SUBJECT MATTER AND SECOND OF THE PERSON WHOSE RIGHTS ARE TO BE PASSED UPON. 21 C.J.S. § 18 p. 25

4. THE ABSENCE OF JURISDICTION IN CONVICTING COURT IS BASIS FOR FEDERAL HABEAS CORPUS RELIEF COGNIZABLE UNDER DUE PROCESS CLAUSE OF U.S.C.A. CONST. AMEND 5. LOWERY V. ESTELLE, 696 F.2d 333. 28 USCA SEC 2254

1

5. WITHOUT A FORMAL AND SUFFICIENT INDICTMENT OR INFORMATION, A COURT DOES NOT ACQUIRE SUBJECT MATTER JURISDICTION AND THUS AN ACCUSED MAY NOT BE PUNISHED FOR A CRIME - USCA CONST AMEND 5.

6. WITHOUT A VALID COMPLAINT ANY JUDGEMENT OR SENTENCE RENDERED IS VOID AB INITIO. USCA CONST AMENDS. 5, 14.

7. JURISDICTION TO TRY AND PUNISH FOR A CRIME CANNOT BE ACQUIRED BY THE MERE ASSERTION OF IT, OR INVOKED OTHERWISE THAN MODE PRESCRIBED BY LAW, AND IF IT IS NOT SO ACQUIRED OR INVOKED ANY JUDGEMENT IS A NULLITY - 22 C.J.S. "CRIMINAL LAW", § 167 p. 202

8. STATE PROCESS IS UNCONSTITUTIONAL VIOLATING RIGHTS; ALLEGED CRIMINAL MATTER FAILS TO GIVE FAIR NOTICE OF THE CONDUCT. USCA CONST. AMENDS - 5, 14.

9. CRIMINAL DEFENDANT MAY NOT BE SENTENCED ON BASIS OF INFORMATION THAT IS MATERIALLY UNTRUE. 987 F.SUPP 151

10. ARBITRARY ACTION RESULTS IN LACK OF SUBJECT MATTER JURISDICTION BY UNCONSTITUTIONALLY OF THE STATUTE : THE STATUTE FOR THE OFFENSE IN QUESTION LACKS STATUTORY EXPRESSION, WHERE ITS MEANING LACKS THE DEFINITENESS FOR THE INTENDED USE AS A VALID LAW.

11. LEGISLATOR MAY NOT ACT ARBITRARILY IN USING ITS DEFINITIONAL POWERS - In re NORVELL'S ESTATE 203 A.2d 538, 415 Pa 427

12. A STATUTE MAY BE FOUND UNCONSTITUTIONALLY VAGUE IF IT LACKS DEFINITENESS OR ADEQUACY OF STATUTORY EXPRESSION. COM v. MORGAN, 913 A.2d 906, 911 (PA SUPER 2006)

13. PARTY CHALLENGING STATUTE'S CONSTITUTIONALITY BEARS HEAVY BURDEN TO PROVE THAT IT IS UNCONSTITUTIONAL, AND ALL DOUBTS ON THE QUESTION ARE RESOLVED IN FAVOR OF A FINDING OF CONSTITUTIONALITY. COM v. BULLOCK, 913 A.2d 207, 212 (Pa SUPER 2007).

14. STATUTE DOES NOT GIVE "FAIR WARNING" - USCA CONST AMENDS. 5, 14. CHRONOS SHIPPING v. COAST GUARD 957 F.SUPP 667

2

15. STATUTE DOES NOT PROVIDE ADEQUATE ENFORCEMENT - 769 F.SUPP 178

16. INTERPRETATION OF A STATUTE IS A QUESTION OF LAW - 720 A.2d 447

17. STATUTE IS VAGUE IN SENSE THAT NO STANDARD OF CONDUCT IS SPECIFIC AT ALL - USCA CONST AMEND - 14 - E.D. Pa 1987, WATERS V. MCGURIMAN 656 F.SUPP 923

18. STATUTE SHOULD BE STRUCK AS VAGUE IF IT FAILS TO GIVE PERSON OF ORDINARY INTELLIGENCE A REASONABLE OPPORTUNITY TO KNOW WHAT IS PROHIBITED OR FAILS TO PROVIDE EXPLICIT STANDARDS TO ENFORCING OFFICERS - C.A. 3 (Pa) 1990, TROJAN TECHNOLOGIES INC. V. COM, 916 F.2d 913

19. WHERE STATUTE IS SO VAGUE, INDEFINITE, AND UNCERTAIN THAT COURTS ARE UNABLE TO DETERMINE, WITHIN A REASONABLE DEGREE OF CERTAINTY, WHAT LEGISLATURE INTENDED, OR IS SO INCOMPLETE OR CONFLICTING AND INCONSISTENT IN ITS PROVISIONS THAT IT CANNOT BE EXECUTED IT WILL BE DECLARED INOPERATIVE - 102 A.2d 699, 376 Pa 375

20. IF A LAW IS UNCONSTITUTIONAL, IT IS VOID AND OF NO EFFECT, AND IT CANNOT ALTER AN OTHERWISE VALID OBLIGATION OF A GOVERNMENTAL OFFICER TO A CITIZEN - RICHARDSON V. U.S. 465 F.2d 44 - CERTIORARI GRANTED 93 S.CT 1420 C.A. 3 (Pa) 1972

21. WHEN A STATUTE IS DECLARED UNCONSTITUTIONAL, IT IS IN LEGAL CONTEMPLATION AS INOPERATIVE AS THOUGH IT HAD NEVER BEEN PASSED - 396 A.2d 654 262 Pa 80 - (Pa SUPER 1978)

22. STATUTE MUST BE PROPERLY PROVEN BEFORE THEY CAN BECOME ADMISSIBLE AS EVIDENCE - BERKS COUNTY V. HAYES, 61 BERKS 198 Pa COM PL. 1969

23. DOCTRINE OF LENITY APPLIES ONLY TO THOSE SITUATIONS IN WHICH REASONABLE DOUBT PERSISTS ABOUT STATUTE'S INTENDED SCOPE EVEN AFTER RESORT TO LANGUAGE AND STRUCTURE, LEGISLATIVE HISTORY, AND MOTIVATING POLICIES OF STATUTE - MAGKAL V. U.S. 555 S.CT. 461, U.S. Pa 1990

24. AMBIGUITY CONCERNING AMBIT OF CRIMINAL STATUTE SHOULD BE RESOLVED IN FAVOR OF LENITY - BUSIC V. U.S. 100 S.CT 1747

25. RULE OF LENITY WHICH REQUIRES AMBIGUOUS CRIMINAL STATUTES TO BE CONSTRUED IN FAVOR OF DEFENDANT, IS APPLIED BOTH TO SCOPE OF CONDUCT COVERED BY CRIMINAL STATUTE AND TO EXTENT OF CRIMINAL PENALTIES IMPOSED - U.S. V. EDMONDS, 80 F.3d 810 C.A. 3 ( Pa ) 1996

26. RULE OF LENITY MANDATES THAT AMBIGUITY CONCERNING COVERAGE OF A CRIMINAL STATUTE MUST BE RESOLVED IN FAVOR OF CRIMINAL DEFENDANT UNTIL CONGRESS UNEQUIVOCALLY STATES THAT COURT HAS MISCONSTRUED ITS SCOPE - U.S. V. KNOX , 977 F.2d 815, CERTIORARI GRANTED 113 S.Ct 2926 , C.A. 3 ( Pa ) 1992

27. MERELY BECAUSE A STATUTE CONTAINS A PENAL PROVISION DOES NOT REQUIRE THAT ENTIRE STATUTE BE STRICTLY CONSTRUED - 1 - Pa. S - § 1928 , 329 A.2d 812 Pa. 1974

28. RULES OF CRIMINAL PROCEDURE WHICH DO NOT ESTABLISH , CREATE OR DEFINE CRIMES, OFFENSES, OR ORDINANCES AUTHORIZING INCARCERATION, FINE, OR OTHER PENALTY, ARE NOT PENAL PROVISIONS, AND ARE NOT SUBJECT TO STRICT CONSTRUCTION . R. CRIM P. RULE 2, COM V. WAMSHER, 577 A.2d 595, 1 Pa C.S.A. 3 1928 (b) (1)

29. WHERE THE INDICTMENT FAILS TO CHARGE GUILTY KNOWLEDGE IT IS DEFECTIVE AND THIS ACT, BEING HIGHLY PENAL IS TO BE STRICTLY CONSTRUED AND SUCH AN INDICTMENT MUST BE QUASHED. COM V. KUTSENKOW, 45 WASH CO. 99, Pa COM PL. 1964

30. A PHRASE SHOULD NOT BE BROADLY CONSTRUED AGAINST AN ACCUSED WHEN IT IS PART OF A STATUTE MAKING A DEFENSE AVAILABLE TO THE ACCUSED . COM V. CAPITOLO 471 A.2d 462 , REVERSED 498 A.2d 806

31. A CRIMINAL STATUTE SHOULD BE CONSTRUED NARROWLY IN FAVOR THE ACCUSED . Id.

32. WHEN A CRIMINAL STATUTE CALLS FOR CONSTRUCTION , IT IS NOT THE CONSTRUCTION WHICH IS SUPPORTED BY THE GREATER REASON THAT IS TO PREVAIL , BUT THE CONSTRUCTION WHICH , IF REASONABLE, OPERATES IN FAVOR OF LIFE AND LIBERTY . Id.

33. THERE WAS NO REASONABLE BASIS TO CHARGE HIM CRIMINALLY BY UNCONSTITUTIONALITY OF THE STATUTE -

4

34. THAT IT IS VAGUE IN SENSE THAT NO STANDARD OF CONDUCT IS SPECIFIC AT ALL.

35. THAT LAW IS IMPERMISSIBLY VAGUE IN ALL ITS APPLICATIONS; IN MAKING ANALYSIS, IT IS NECESSARY TO ENSURE THAT CONTESTED STATUTE PROVIDE BOTH FAIR NOTICE TO THOSE REGULATED AND ADEQUATE ENFORCEMENT STANDARDS TO GUIDE REGULATORS

36. THAT STATUTE IS VAGUE ON ITS FACE, MEASURED AGAINST HYPOTHETICAL CONDUCT THAT LANGUAGE COULD ARGUABLY EMBRACE FACIAL VAGUENESS : THAT LANGUAGE IS VAGUE WITH REGARD TO PARTICULAR CONDUCT OF INDIVIDUAL CHALLANGING STATUTE VAGUENESS - AS - APPLIED.

37. THAT COURT'S DECISION WAS SUCH A GROSS ABUSE OF DISCRETION THAT IT WAS UNCONSTITUTIONAL.

38. CONFINEMENT WAS UNCONSTITUTIONAL BY REASON OF STATUTE PROVIDING FOR UNREASONABLE OR UNSOUND PUNISHMENT.

39. UPON THE CRIMINAL PROCEEDING FUNDAMENTAL ERROR WAS COMMITTED OR CONSTITUTIONAL RIGHTS WERE INVADED MAKING THE PROCEEDING A NULLITY, RENDERING TRIAL COURT WITHOUT JURISDICTION TO IMPOSE SENTENCE.

40. THAT THERE WAS AN ASSERTION OF POWER TO ACT BEYOND AUTHORITY GRANTED TO ACTING AGENCY, OR ACTION WITHOUT EVIDENCE TO SUPPORT ITS ORDER.

41. THAT ALLEGED IRREGULARITIES CAUSED FAILURE OF DUE PROCESS.

42. THAT TRIAL OR SENTENCE WAS SO FUNDAMENTALLY UNFAIR AS TO AMOUNT TO DENIAL OF DUE PROCESS.

43. ACTUAL OR CONSTRUCTIVE DENIAL OF ASSISTANCE OF COUNSEL ALTOGETHER IS REVERSIBLE WITHOUT SHOWING OF PREJUDICE. USCA CONST AMEND. 6. U.S. V. MIGUEL, 111 F.3d 666

44. THAT CONVICTION WAS BASED ON CONDUCT NOT COVERED BY CRIMINAL STATUTE WHICH DEPRIVED OF FUNDAMENTAL CHARACTER : THAT HE WAS DENIED RIGHT TO FREEDOM OF SPEECH

45. DISCHARGE IS WARRANTED WHERE ATTEMPTING ALTERNATE REMEDY WOULD NOT VITIATE PREJUDICE OF THE FUNDAMENTAL UNFAIRNESS OR WOULD ITSELF VIOLATE PETITIONER'S CONSTITUTIONAL RIGHTS 44 F.3d 1160, C.A. 3 (N.J.) 1995

46. STATUTE IS VAGUE WHERE IT FAILS TO PROVIDE ANY SPECIFIC CONDUCT SUBJECT TO LIABILITY : AND RESULTS IN ARBITRARY OR KNOWN DISCRIMINATORY MISCONDUCT .

47. VOID FOR VAGUENESS DOCTRINE ALWAYS OPERATES WHERE STATUTE'S VAGUENESS CREATES POSSIBILITY THAT IT CAN BE APPLIED IN ARBITRARY MANNER THAT INFRINGES ON SUCH FUNDAMENTAL INTEREST AS FIRST AMENDMENT RIGHTS OF FREEDOM OF SPEECH AND ASSEMBLY OR RIGHT OF PHYSICAL LIBERTY - USCA CONST. AMEND. 1. GOLDY V. BEAL, 429 F.SUPP 640, M.D. Pa 1976

48. FOR PLAINTIFF TO PREVAIL ON CLAIM THAT LAW IS UNCONSTITUTIONALLY VAGUE, COURT MUST CONCLUDE THAT CHALLENGED LAW FAILS TO GIVE FAIR NOTICE OF ITS PROSCRIPTIONS OR REQUIREMENTS . HINTON V. DEVINE, 633 F.SUPP 1023, E.D. Pa 1996

49. VAGUE STATUTES OFFEND THE CONSTITUTION BECAUSE THEY MAY : TRAP THE INNOCENT BY FAILING TO GIVE A PERSON OF ORDINARY INTELLIGENCE REASONABLE OPPORTUNITY TO KNOW WHAT IS PROHIBITED SO THAT HE MAY ACT ACCORDINGLY : OR RESULT IN ARBITRARY AND DISCRIMINATORY ENFORCEMENT IN ABSENCE OF EXPLICIT GUIDELINES FOR THEIR APPLICATION - 718 A.2d 1283, Pa COMWLTH 1998

50. MOVANT. ASSERTS FREESTANDING CLAIM OF INNOCENCE, WHEREFORE, HE AFFIRMATIVELY PROVES THAT HE IS PROBABLY INNOCENT .

51. A STATUTE OPERATES RETROACTIVELY IF IT ALTERS EXISTING LEGALLY ENFORCEABLE SUBSTANTIVE RIGHT - 779 F.2d 168, C.A. 3 (Pa) 1985

52. IT IS CLEARLY WITHIN CONGRESS POWER TO ENACT RETROACTIVE LEGISLATION RATIFYING ACTIONS THAT, WHEN TAKEN, MAY HAVE BEEN UNAUTHORIZED - E.E.O.C. V. WESTINGHOUSE, 765 F.2d 389, C.A. 3 (Pa) 1985

53. STATUTE MAY BE APPLIED RETROACTIVELY WHEN CHANGE IN STATUTE IS MERELY "REMEDIAL" IN NATURE OR RELATES ONLY TO MODE OF PROCEDURE WHICH NEITHER CREATE NOR IMPAIR ANY SUBSTANTIVE RIGHTS - IN RE GAILEY INC 119 B.R. 504, BANKRUPTCY W.D. Pa 1990 .

54. STATUTE PUNISHED AS CRIME CONDUCT WHICH WAS INNOCENT WHEN DONE, STATUTE RESULTED IN INCREASED PUNISHMENT, AND DEPRIVED HIM ANY DEFENSE.

55. THERE WAS NO FAIR WARNING OF THE CONDUCT OR PUNISHMENT IT CARRIED; THAT IT WAS A DEPRIVATION OF THE RIGHT OF FAIR WARNING.

56. THAT THE ENACTMENT IS VAGUE NOT IN SENSE THAT IT REQUIRES A PERSON TO CONFORM HIS CONDUCT TO AN IMPRECISE BUT, COMPRE-HENSIBLE NORMATIVE STANDARD BUT, RATHER IN SENSE THAT NO STANDARD OF CONDUCT IS SPECIFIC AT ALL.

57. VOID FOR VAGUENESS DOCTRINE IS EMBODIED IN DUE PROCESS CLAUSE OF 5TH AND 14TH AMENDMENTS. USCA CONST AMENDS. 5, 14. WOODIS V. WESTARK COMMUNITY COLLEGE, 160 F-3d 435

58. VOID FOR VAGUENESS DOCTRINE IS ROOTED IN DUE PROCESS AND CONCERNED WITH FAIR AND REASONABLE WARNING. USCA CONST. AMEND. 5.

59. VOID FOR VAGUENESS DOCTRINE IS DUE PROCESS DOCTRINE INCORPORA-TING NOTIONS OF FAIR NOTICE AND WARNING. USCA CONST AMENDS. 5, 14 COM V. POTTS, 460 A.2d 427, 314 Pa SUPER 256

60. AN ACT OF GENERAL ASSEMBLY WILL NOT BE DECLARED UNCONSTITUTIONAL UNLESS IT CLEARLY, PALPABLY AND PLAINLY VIOLATES THE CONSTITUTION AND THE BURDEN UPON THE PARTY SEEKING TO UPSET LEGISLATIVE ACTION ON CONSTITUTIONAL GROUND; ALL DOUBT IS TO BE RESOLVED IN FAVOR OF SUSTAINING THE LEGISLATION. IN RE 223 ABSENTEE BALLOT APPEALS, 81 YORK 137, Pa COM PL. 1967

61. THE BURDEN OF PROOF IS UPON ONE WHO SEEKS TO HAVE A STATUTE DECLARED UNCONSTITUTIONAL. ALL PRESUMPTIONS ARE IN FAVOR OF CONSTITUTIONALITY AND COURTS ARE NOT TO BE ASTUTE IN FINDING OR SUSTAINING OBJECTIONS TO ACTS OF THE LEGISLATURE. AFFIRMED 110 A.2d 405 380 Pa 113

62. THE BURDEN IS UPON THE PETITIONER TO PROVE CONCLUSIVELY AND BEYOND ANY REASONABLE DOUBT THAT THE STATUTE IS UNCONSTI-TUTIONAL. IN RE FISHER, 27 A.2d 878, 344 Pa 96

63. THAT STATUTE CLEARLY, PALPABLY AND PLAINLY VIOLATES CONSTITUTION.

64. THAT IT IS CLEARLY, PLAINLY AND PALPABLY UNCONSTITUTIONAL.

65. THAT IT CLEARLY, PLAINLY AND PALPABLY VIOLATES THE CONSTITUTION.

66. THAT ENACTMENT CLEARLY, PALPABLY AND PLAINLY VIOLATES CON-
STITUTION.

67. A STATUTE IS VOID FOR VAGUENESS IF IT FAILS TO PROVIDE FAIR
WARNING AS TO WHAT CONDUCT WILL SUBJECT A PERSON TO LIA-
BILITY ; AND, SECOND, A STATUTE MUST CONTAIN AN EXPLICIT AND
ASCERTAINABLE STANDARD TO PREVENT THOSE CHARGED WITH EN-
FORCING THE STATUTE'S PROVISIONS FROM ENGAGING IN ARBITRARY
AND DISCRIMINATORY ENFORCEMENT. USCA CONST. AMEND. 5, 14.
C.A. 2 (WIS) 1999, ON REMAND 2000 WL 34230126

68. WHEN VAGUENESS PERMEATES THE TEXT OF A CRIMINAL LAW THAT
CONTAINS NO MENS REA REQUIREMENT AND INFRINGES ON CON-
STITUTIONALLY PROTECTED RIGHTS, LAW IS SUBJECT TO FACIAL AT-
TACK. U.S. III 1999

69. IF A STATUTE IS UNCONSTITUTIONALLY VAGUE AS APPLIED : A COURT
MUST FIRST DETERMINE WHETHER THE STATUTE GIVES THE PERSON
OF ORDINARY INTELLIGENCE A REASONABLE OPPORTUNITY TO KNOW
WHAT IS PROHIBITED AND THEN CONSIDER WHETHER THE LAW
PROVIDES EXPLICIT STANDARDS FOR THOSE WHO APPLY IT.
USCA CONST. AMEND 5. C.A. 2 (NY) 1989, 186 F.3d 82

70. FAIR WARNING SHOULD BE ACCORDED AS TO WHAT CONDUCT IS CRIM-
INAL AND PUNISHABLE BY DEPRIVATION OF LIBERTY OR PROPERTY.
U.S. V. MESSNER 428 F.SUPP 538

71. THAT UNCERTAINTY INDUCED BY THE STATUTE THREATENS TO INHIBIT
EXERCISE OF CONSTITUTIONALLY PROTECTED RIGHTS.

72. A STATUTE IS VOID FOR VAGUENESS WHEN IT FAILS TO GIVE A
PERSON OF ORDINARY INTELLIGENCE FAIR NOTICE THAT HIS CONDUCT IS
FORBIDDEN. USCA CONST. AMEND. 1 SPENCER V. HONORABLE
JUSTICE 579 F.SUPP 880, AFFIRMED 760 F.2d 261 E.D. (PA) 1980

73. STATUTE IS UNCONSTITUTIONALLY VAGUE IF IT PROSCRIBES ACTIVITY IN
AMBIGUOUS TERMS SUCH THAT REASONABLE MINDS MAY DIFFER AS TO
ACTIVITY THAT IS ACTUALLY PROHIBITED. PARK HOME V. CITY OF
WILLIAMSPORT, 680 A.2d 835, 545 PA 94, PA 1996

74. A LAW IS VOID ON ITS FACE IF IT IS SO VAGUE THAT PERSONS OF COMMON INTELLIGENCE MUST NECESSARILY GUESS AT ITS MEANING AND DIFFER AS TO ITS APPLICATION - FABIO V. CIVIL SERVICES, 414 A.2d 82, 489 Pa 309, Pa 1980

75. HABEAS CORPUS RELIEF IS NOT FORECLOSED WHEN INTERVENING DECISION ESTABLISHES THAT PRISONER IS IN CUSTODY FOR ACT THAT LAW DOES NOT MAKE CRIMINAL - 28 USCA § 2241, TRIESTMAN V. U.S. 124 F.3d 361

76. STATE PETITIONER WAS ENTITLED TO WRIT OF HABEAS CORPUS AND IMMEDIATE RELEASE FROM ANY CUSTODY IN LIGHT OF CLEAR AND CONVINCING PROOF OF ACTUAL INNOCENCE AND CONCESSION BY STATE'S DISTRICT ATTORNEY THAT RELIEF WAS WARRANTED - 28 USCA § 2254

77. RULE OF LENITY APPLIES TO INTERPRETATION OF STATUTE ONLY IF, AFTER SEIZING EVERYTHING FROM WHICH AID CAN BE DERIVED, COURT CAN NO MORE THAN   GUESS AS TO WHAT CONGRESS INTENDED. HOLLOWAY V. U.S. 119 S.CT 966

78. POLICIES FAVORING STRICT CONSTRUCTION OF CRIMINAL STATUTE OBLIGE COURTS TO CARRY OUT CONGRESSIONAL INTENT AS FAR AS CONSTITUTION WILL ADMIT - U.S. V. LANIER, 117 S.CT 1219

79. ONLY   MOST EXTRAORDINARY SHOWING OF CONTRARY INTENTIONS   IN LEGISLATIVE  HISTORY WILL JUSTIFY DEPARTURE FROM STATUTORY LANGUAGE IN APPLYING CRIMINAL LAW - SALINAS V. U.S., 118 S.CT 469


WHEREFORE, YOUR MOVANT   IN THE INSTANT MATTER IS ENTITLED TO RELIEF, WHERE UPON, ALL DOUBT IS TO BE RESOLVED IN FAVOR OF SUSTAINING THE LEGISLATION.


DECLARES UNDER PENALTY OF PERJURY


*Howard Jones*
PRO SE

4-12-10
DATE

AY 0843    P.O. BOX  999
1120   PIKE   STREET
HUNTINGDON   PA  16652

sentencing had been illegal[3] or that his post-trial motions
had later been denied, common sense would dictate that the
appeal could be taken before 16 years had passed.  Thus,
defendant did not take the requisite affirmative steps and
has waived this issue.

Defendant's third issue alleges ineffectiveness of
counsel for failing to raise the court's error in allowing
into evidence the victim's statement, that the defendant had
done it, as a spontaneous utterance under res gestae since
the time frame of defendant's visit was not clear and since,
even if defendant's version that the incident occurred at
5:00 p.m. is accepted, the victim had around one (1) hour
for reflection.  We disagree.  Although time is an important
factor when addressing a spontaneous utterance, the ability

---

[3]    We question whether this procedure was illegal and, thus,
whether the underlying issue has any merit.  Under the state
of the law today, this procedure is proper for a first
degree murder case in light of 42 Pa.C.S.A. § 9711(g) which
reads:

> (g) Recording sentencing verdict.--Whenever the
> jury shall agree upon a sentencing verdict, it
> shall be received and recorded by the court.  The
> court shall thereafter impose upon the defendant
> the sentence fixed by the jury.

We realize that this provision was not in effect in 1972,
see 1972, December 6, P.L. 1482, No. 334, Chpt. 13
(Reserved) and did not become effective until 1974, see
1974, March 26, P.L. 213, No. 46, Chpt. 13 § 1311(c).
Conversely, we are unable to find authority which precluded
such procedure.  Even if the procedure were improper in
1972, we fail to see how defendant had been prejudiced since
the procedure was condoned two (2) years later.

4

3.  Trial counsel was ineffective for failing to raise the court's error in allowing into evidence the victim's statement;

4.  Trial counsel was ineffective for failing to object to the trial court's charge on the intoxication defense; and

5.  Trial counsel was ineffective for failing to object to the trial court's instruction on the use of a deadly weapon.

In his appeal to the Superior Court of Pennsylvania from the denial of his

( Post Conviction Relief Act claims, the Petitioner raised the following claims:   **)**

1.  Trial counsel was ineffective for failing to object to the Petitioner being sentenced prior to disposition of his post-trial motions; and

2.  Trial counsel was ineffective for failing to raise trial court error in the admission of the victim's statement.

In his Petition for Writ of Mandamus and Extraordinary Relief to the

Pennsylvania Supreme Court, the Petitioner asked the Supreme Court to order the trial

court to turn over notes of testimony of trial, notes of the coroner's report, and all

witnesses' testimony at trial.   "Refused

In his "appeal" to the Pennsylvania Supreme Court, the Petitioner raised

the following claims:

1.  A violation of the <u>ex post facto</u> law and due process clause;

2.  Ineffective assistance of counsel for failing to object to the trial court's instruction;

In his second federal habeas corpus petition, the Petitioner raised similar issues as those previously raised in his habeas corpus petition, namely:

    1.  Counsel was ineffective on direct appeal;

    2.  Counsel was ineffective for failing to object to the court imposing sentence prior to the disposition of his post-trial motions;

    3.  The Commonwealth failed to prove elements of motive and intent; and

    4.  The trial court gave improper instructions regarding the intoxication defense and use of a deadly weapon.

In the instant federal habeas corpus petition, the Petitioner raises the following claims:

    A.  Violation of the ex post facto law;

    B.  Violation of the due process clause;

    C.  Trial counsel was ineffective for failing to object to the court's instruction concerning intoxication;

    D.  Trial counsel was ineffective for failing to file an appeal;

    E.  All courts have committed error by not appointing counsel or granting an evidentiary hearing; and

    F.  Miscarriage of justice, or that Petitioner's guilt was not proven beyond a reasonable doubt.

*Evidentiary hearing requesting*

10-cv-898

```
Court Name: District Court
Division: 3
Receipt Number: 333614040
Cashier ID: tscott
Transaction Date: 04/26/2010
Payer Name: SCI SMITHFIELD
------------------------------------
WRIT OF HABEAS CORPUS
 For: HOWARD JONES
 Amount:        $5.00
------------------------------------
CHECK
 Check/Money Order Num: 114615
 Amt Tendered: $5.00
------------------------------------
Total Due:       $5.00
Total Tendered: $5.00
Change Amt:      $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $45.00 fee will be
charged for returned checks.
```