UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD JONES,  :
 :
    Petitioner  : No. 4:CV-10-0898
 :
  vs.  : Petition Filed 04/28/10)
 :
PA ATTORNEY GENERAL,  : (Judge Muir)
 :
    Respondent  :

**MEMORANDUM AND ORDER**

July 6, 2010

Petitioner, Howard Jones, an inmate at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 1972 first degree murder conviction imposed by the Dauphin County Court of Common Pleas. (Doc. 1). On June 11, 2010, respondent filed a motion to dismiss Jones' petition as a second or successive petition presented without leave of the Court of Appeals. (Doc. 8). Having taken judicial notice of related official court filings,[1] the Court will dismiss Jones' petition for

---

[1] Pursuant to F.R.E. 201, the Court takes judicial notice of the adjudicated facts and procedural history of Jones' five prior petitions for writ of habeas corpus. See infra note 2, p.2.

habeas corpus, as it is a second or successive petition presented without leave of the Court of Appeals.

I. **Background**

On June 19, 1972, a jury sitting in the Court of Common Pleas of Dauphin County found Jones guilty of murder in the first degree. He was subsequently sentenced to imprisonment for life. While Jones did not pursue any direct appeal of his conviction, he has filed a number of petitions challenging the validity of his conviction, including five petitions for writ of habeas corpus, filed in this Court, pursuant to 42 U.S.C. § 2254.[2]

By Order dated June 2, 2004, this Court dismissed Jones' fifth petition because 1) it was barred by the one year period of limitations set forth in 28 U.S.C. § 2244(d)(1); and 2) the claims in the petition have not been exhausted in the state courts, are now procedurally defaulted, and Jones has not presented any sufficient reason to excuse the

---

[2]Petitioner's habeas corpus actions can be found at Civil Action Nos. 3:CV-92-0667; 4:CV-95-1402; 4:CV-95-2183; 4:CV-98-0323; and 03-CV-1017. Jones' first four habeas corpus actions were dismissed solely for Jones' for failure to exhaust state court remedies.

2

default. See Jones v. Gillis, Civil No. 4:CV-03-1017 (M.D. Pa. June 2, 2004).

By Order dated January 20, 2005, the United States Court of Appeals for the Third Circuit declined to issue Jones a certificate of appealability. Id.

Presently before the Court is Jones' sixth habeas petition challenging his Dauphin County Court of Common Pleas first degree murder conviction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in addition to establishing the one year limitations period that barred Jones' fifth petition, also bars the filing of a second or successive habeas petition unless the petitioner secures leave of the applicable Court of Appeals to proceed. 28 U.S.C. § 2244(b). The threshold question presented here is whether the bar to filing a second or successive § 2254 petition applies where the first petition was dismissed as untimely.

## II. **Discussion**

A second or subsequent petition for habeas corpus relief is not considered "successive" if the initial habeas corpus petition was dismissed for a technical or procedural reason,

3

rather than on the merits. See <u>Slack v. McDaniels</u>, 529 U.S. 473, 485-487 (2000) (a petition filed after the dismissal of a previous petition for failure to exhaust state remedies, which is not an adjudication on the merits, is not a "second or successive" petition); see also <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643-645 (1998) (a petition raising the same claim as raised in an earlier petition that was dismissed as premature was not a "second or successive" petition under 28 U.S.C. § 2244(b)(3)(A)). Jones' fifth federal habeas petition was dismissed as barred by the applicable one year period of limitations.

Although a dismissal based upon the statute of limitations generally does not involve an examination of the merits of the underlying substantive claims, such a dismissal is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. See <u>Villanueva v. United States</u>, 346 F.3d 55, 58 (2nd Cir. 2003)(a petition that has been dismissed as time-barred has been decided on the merits and renders any subsequent petition second or successive under AEDPA.); <u>United States v. Harris</u>, CIV.A. 02-6825, 2002 WL 31859440, *3

4

(E.D. Pa. Dec. 20, 2002). As the Second Circuit in Villanueva explained:

> [T]he dismissal of a [§ 2254 or] § 2255 petition as untimely under AEDPA presents a 'permanent and incurable' bar to federal review of the merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.

346 F.3d at 61.[3]

Because Jones' previously filed a federal habeas corpus petition challenging his 1972 conviction that was denied "on the merits," rather than on procedural grounds, this new petition constitutes "a second or successive petition." As a result, Jones is required to seek an order from the Third Circuit Court of Appeals authorizing this Court to consider his petition. 28 U.S.C. § 2244(b)(3)(A). As Jones has failed to present such authorization, this petition must be dismissed. This Court lacks jurisdiction to consider Jones's

---

[3] The court observed that its reasoning applied with equal force to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254. 346 F.3d at 60 n.1.

5

petition for habeas corpus relief and it will be dismissed without prejudice to petitioner's right to seek the necessary authorization from the Third Circuit Court of Appeals to file a second or successive habeas corpus petition.

An appropriate Order accompanies this Memorandum Opinion.


Dated: July 6, 2010          s/Malcolm Muir
                             MUIR
                             United States District Judge

UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD JONES,                    :
                                 :
        Petitioner               :  No. 4:CV-10-0898
                                 :
    vs.                          :  Petition Filed 04/28/10)
                                 :
PA ATTORNEY GENERAL,             :  (Judge Muir)
                                 :
        Respondent               :

                             **ORDER**

                          July 6, 2010

    For the reasons set forth in the accompanying Memorandum

**IT IS HEREBY ORDERED THAT:**

    1.  Respondent's motion to dismiss (Doc. 8) is **GRANTED**.

    2.  The petition for writ of habeas corpus (Doc. 1) is **DISMISSED.**

    3.  The Clerk of Court is directed to **CLOSE** this case.

    4.  There is no basis for a certificate of appealability. See 28 U.S.C. § 2253(c).


                            s/Malcolm Muir
                            MUIR
                            United States District Judge